**Fidencio Torres PAZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–99–315–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 17, 2000.

Reynaldo M. Merino, McAllen, for appellant.

Carlos Valdez, Dist. Atty., Corpus Christi, John Grogan Kearney, Asst. Dist. Atty., Kingsville, for State.

Before Chief Justice SEERDEN and Justices DORSEY and YAÑEZ.

# O P I N I O N

Opinion by Justice DORSEY.

On February 8th, 1999, appellant Fidencio Torres Paz pleaded guilty without a plea bargain to the offense of unlawful possession of marijuana. The trial court accepted his plea and sentenced him to five years in prison with a $5,000 fine. Though appellant brought eight points of error, alleging violations of both the U.S. and Texas Constitutions, we consider them together as they all center on the same issue: ineffective counsel and the voluntariness of appellant's entered plea. We reverse and remand to the trial court with orders to reinstate the State's plea bargain offer.

We first address the issue of whether appellant waived appeal. A valid plea of guilty or nolo contendere "waives" or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error. *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App. 2000)(*en banc*). [i.e., it was an "open" plea]. Before a plea of guilty or plea of nolo contendere may be accepted by the court, it must be freely and voluntarily given by a mentally competent defendant. Tex.Code Crim. Proc. Ann. § 26.13(b) (Vernon 1987). However, a defendant's election to plead guilty or nolo contendere when based upon erroneous advice of counsel is not done voluntarily and knowingly. *Ex parte Battle*, 817 S.W.2d 81 (Tex.Crim.App.1991). When the plea is not voluntarily given, the waiver rule does not apply. *See Broddus v. State*, 693 S.W.2d 459, 460 (Tex.Crim.App.1985). Here, appellant claims that his plea was based on the erroneous advice of his counsel and therefore, it was not entered into voluntarily. Thus, appellant did not waive his right to appeal.

Texas courts follow the test established in *Strickland v. Washington*[1] to determine whether counsel's representation was inadequate so as to violate a defendant's Sixth Amendment right to counsel. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999). The *Strick-*

---

1. *Strickland v. Washington*, 466 U.S. 668, 104     S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*land* test requires appellant to: (1) prove that counsel's performance was below an objective standard of reasonableness and (2) prove that this deficient performance prejudiced the defense. To make out a claim of ineffective assistance, an appellant must show ineffective assistance firmly rooted in the record. *Jackson v. State,* 877 S.W.2d 768, 771–72 (Tex.Crim.App. 1994).

 The Court of Criminal Appeals has held that their failure to timely convey plea bargain offers from the State to a client is error, and that such representation falls below an objective standard of reasonableness. *Ex parte Wilson,* 724 S.W.2d 72, 74 (Tex.Crim.App.1987). Appellant was not informed that the State had made a plea bargain offer. During the original trial, counsel attempted to submit this offer into evidence. The prosecutor objected to its introduction but did not deny that the offer had existed. During the hearing on appellant's motion for new trial, appellant submitted a sworn affidavit, wherein trial counsel stated he failed to convey the offer of five years probation, coupled with a $2,900 fine, to the appellant. The State did not contradict this affidavit and it was entered into evidence. This failure to inform appellant of the State's plea bargain offer is performance below an objective standard of reasonableness. Evidence of this failure is "firmly rooted" in the record as required by *Jackson;* therefore, the first prong of the *Strickland* test is met.

Appellant stated that he would have accepted the plea bargain offer had he known of it. This likely would have resulted in a sentence of probation and a smaller fine. Therefore, the result of the trial would have been different had trial counsel conveyed the plea bargain offer to the appellant and the second prong of the *Strickland* test is met. Thus, under the *Strickland* test, appellant's attorney did not provide effective counsel.

The Court of Criminal Appeals has held that this type of harm, suffered by an appellant from ineffective counsel, is best remedied by reinstating the State's plea bargain offer. *See Ex parte Lemke,* 13 S.W.3d 791, 798 (Tex.Crim.App.2000). Therefore, appellant's conviction is REVERSED and the cause is REMANDED to the trial court to withdraw appellant's plea, require the State to reinstate its five-year probation or seven-year deferred adjudication offer, along with the fine of $2,900, storage fees, and court costs, and allow appellant to re-plead to the indictment in this cause.