NUMBER
13-00-587-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

THE STATE OF TEXAS,                                                       Appellant,

 

                                                   v.

 

DAVID
WILLIAMS,                                                              Appellee.

 

 

     On appeal from the 214th District
 Court of Nueces County, Texas.

 

 

                                   O P I N I O N

 

                      Before Justices Dorsey,
Yañez, and Castillo

                                   Opinion by
Justice Yañez

 

 

 

 

By one issue, the State
appeals the trial court=s order granting
appellee, David Williams, a new trial. 
We affirm.








Appellee pled not guilty
to three counts of aggravated sexual assault of a child.[1]  The jury found him guilty of count one, and
found him guilty of the lesser included offense, indecency with a child, in
counts two and three.[2]  The jury imposed punishment of five years
confinement in the Institutional Division of the Texas Department of Criminal
Justice on count one and ten years on each of the remaining two counts.  The sentences on counts two and three were
suspended, and appellee was placed on two years community supervision for
counts two and three, with all sentences to run concurrently.  

Appellee timely filed a
motion for new trial, alleging that under rule 21.3(a) of the Texas Rules of
Appellate Procedure,[3]
he was harmed by his trial counsel=s failure to:  (1) fully explain the State=s offer of five (5)
years deferred adjudication prior to trial, and (2) fully explain that, Aalthough any sentence awarded
by the jury would result in [him] serving 50% of the time before being eligible
for parole, that in reality, [he] would most likely serve 85% to 95% of his
time incarcerated.@  After a hearing, the trial court granted the
motion.  The State appeals the order of a
new trial.  We affirm.

Standard of Review








We review orders
granting a new trial under an abuse of discretion standard.  State v. Gonzalez, 855 S.W.2d 692, 696
(Tex. Crim. App. 1993); State v. Blanco, 953 S.W.2d 799, 801 (Tex. App.BCorpus Christi 1997,
pet. ref=d).  We must examine the record to determine
whether the trial court granted a new trial without reference to any guiding
rules or principles.  Blanco, 953
S.W.2d at 801.  Moreover, a trial court=s decision should not be
disturbed on appeal absent a clear abuse of discretion.  Id. 
Thus, we must affirm the new trial so long as we determine that the
court acted within its discretion in granting the motion under any one of the
grounds alleged in appellee=s motion.  Id. at 802.








In cases alleging
ineffective assistance of counsel, courts apply the Strickland test.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez
v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1984) (adopting Strickland
as the appropriate standard under Texas law).  The Strickland test consists of two
prongs: (1) trial counsel=s performance fell Abelow an objective
standard of reasonableness@ and (2) the deficient
performance prejudiced the defense by a Areasonable probability
that, but for counsel=s unprofessional errors,
the result of the proceeding would have been different.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.@  Strickland, 466 U.S. at 686, 694.   Appellee must show ineffective assistance
firmly rooted in the record.  Jackson v. State, 877 S.W.2d 768, 771-72
(Tex. Crim. App. 1994); Paz v. State, 28 S.W.3d 674, 676 (Tex. App.BCorpus Christi 2000, no
pet.).  The appellee must prove both
prongs of the Strickland test by a preponderance of the evidence.  Moore v. State, 694 S.W.2d 528, 531
(Tex. Crim. App. 1985).  In determining
whether there was ineffective assistance of counsel, the court must consider
the trial as a whole as opposed to isolated incidents of counsel=s performance.  Id.

Background

Appellee=s trial counsel
testified at the hearing on the motion for new trial that he informed appellee
of the plea offer of five (5) years deferred adjudication community supervision
shortly after the offer was extended before trial.  Counsel said that he did not remember
explaining to appellee what deferred adjudication meant.  Also, counsel testified that although the
offer remained open a few days prior to trial, he did not recommunicate the offer
or mention it to appellee again.  Appellee
testified that if his trial counsel had fully explained the offer, he would
have discussed it with his wife, and he would have accepted the offer.  Appellee consistently maintained his
innocence throughout pre-trial and in the motion for new trial hearing.  

Analysis








The State concedes that
although no Texas case has directly held that counsel must fully explain plea
offers, the law in Texas suggests that such a duty exists.[4]  In addition, federal courts have imposed a duty
on counsel to fully explain plea offers.[5]  We agree that counsel=s duty to a client
includes fully explaining any plea offers in order to help a client make an
informed decision.  See Howard
v. State, 667 S.W.2d 265, 267 (Tex. App.BDallas 1984), aff=d, 690 S.W.2d 252 (Tex.
Crim. App. 1985); see also Hanzelka v. State, 682 S.W.2d 385, 387
(Tex. App.BAustin 1984, no
pet.).  As such, we agree with the trial
court that counsel=s conduct in this case
fell below an objective standard of reasonableness in failing to explain the
State=s plea offer of five
years deferred adjudication community supervision.  We hold that the first prong of the Strickland
test is met.  See Strickland,
466 U.S. at 687.








The State concentrates
its arguments on the second prong of Strickland.   The State asserts that the trial court
abused its discretion by granting a new trial in the absence of credible
evidence and corroborating evidence that the appellee would have accepted the
plea bargain offer if it had been explained to him.  The State argues that this case is
distinguishable from cases finding ineffective assistance in circumstances
where an attorney fails to inform a client of a plea bargain offer.  See, e.g., Paz, 28 S.W.3d at 676. The
State proposes that in the case at bar, where the attorney conveyed the
existence of a plea bargain offer, but failed to explain it, a different legal
standard should be applied to the second prong of Strickland.  Specifically, the State urges this Court to
weigh the evidence presented in the hearing on the motion for new trial against
appellee=s statements maintaining
his innocence.  The State contends that
the evidence precludes any reasonable finding that a probability exists that
appellee would have accepted the plea bargain offer if his counsel had
explained it to him fully, and that appellee therefore cannot satisfy the
second prong of Strickland. 
Alternatively, the State urges us to require objective corroborating
evidence in the record to support appellee=s contention that he
would have accepted the plea bargain offer if it had been explained to
him.  First, we address the State=s argument that
objective corroborating evidence in the record is required to support appellee=s assertion that he
would have accepted the offer if it had been explained to him.

The State maintains that
other jurisdictions considering cases in which a defendant has rejected a plea
offer and later claimed that he would have accepted it but for his attorney=s deficient advice view
such self-serving statements skeptically. 
See Turner v. Tennessee, 858 F.2d 1201, 1206 (6th Cir.
1988), vacated on other grounds, 492 U.S. 902 (1989); People v. Curry,
687 N.E.2d 877, 888 (Ill. 1997); In re
Alvernaz, 830 P.2d 747, 756 (Cal. 1992).  In these cases, courts have required that the
record include objective corroborating evidence in order to find that a
defendant would have accepted the offer. 
Turner, 858 F.2d at 1206; Curry, 687 N.E.2d at 888; Alvernaz,
830 P.2d at 756.  








Texas courts, on the
other hand, have found that the second prong of Strickland is met and
ineffectiveness of counsel is established in circumstances where counsel fails
to communicate a plea bargain offer, and the defendant states that he would
have accepted the plea bargain offer if he had been informed of it.  Ex parte Lemke, 13 S.W.3d 791, 796
(Tex. Crim. App. 2000) (accepting without further inquiry the trial court=s finding that defendant
would have accepted the State=s plea bargain offer if
his counsel had informed him of it); Paz v. State, 28 S.W.3d at 676
(noting that the defendant stated that he would have accepted the plea bargain
offer had he known of it, that the acceptance of the offer would have likely
resulted in a lighter sentence, and concluding that the outcome of the trial
would have been different if defendant had known of the plea bargain offer such
that the second prong of Strickland was met).  Defendants who are not informed of a plea
bargain offer at all by their attorneys are generally viewed as having been prejudiced
by the missed opportunity to accept an offer and present it to the court for
consideration in sentencing.  Lemke,
13 S.W.3d at 796. 








In the present case,
counsel=s failure to fully
explain the offer effectively denied appellee the opportunity to make an
informed decision about whether to accept or reject the offer.  See id.  Counsel testified that he did not recall
explaining the meaning of the offer of deferred adjudication to appellant.  Appellant testified that if his attorney had
explained the offer to him, he would have accepted it.  We conclude the trial court could have
reasonably concluded that the attorney=s failure to explain the
offer of deferred adjudication community supervision was, in effect,
indistinguishable from a failure to inform appellee of the offer at all.  We hold that the trial court did not abuse
its discretion in accepting appellee=s assertion that he
would have taken the offer if it had been explained to him.  If he had accepted the offer, he likely would
have received deferred adjudication community supervision, rather than the five
years imprisonment he received as a result of trial.  We conclude the evidence is sufficient to
establish the second prong of Strickland.  See Paz, 28 S.W.3d at 676. 

Accordingly, we hold
that the trial court did not abuse its discretion in finding that counsel=s failure to explain the
plea offer prejudiced appellee=s ability to make an
informed choice, and thus deprived him of effective assistance of counsel.  We affirm the order of the trial court
granting a new trial.

 

                                                               
                                                      

LINDA REYNA YAÑEZ

Justice

 

 

 

 

Publish.  Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

1st day of August, 2002.

 











[1]See
Tex. Pen. Code Ann. ' 22.021 (Vernon
Supp. 2002).





[2]See
Pullin v. State, 827 S.W.2d 1, 3 (Tex. App.BHouston
[1st Dist.] 1992, no pet.) (stating, AIt is
well settled that indecency with a child is a lesser included offense of
aggravated sexual assault. . . .@).





[3]Texas
Rule of Appellate Procedure 21.3
provides, in pertinent part: AThe
defendant must be granted a new trial for any of the following reasons: (a)
except in a misdemeanor case in which the maximum possible punishment is a
fine, when the defendant has been unlawfully tried in absentia or has been
denied counsel.@ Tex.  R. 
App. P.  21.3(a); see
State v. Gonzalez, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993) (stating
that a defendant can raise ineffective assistance of counsel by way of a motion
for new trial even though that ground was not listed in rule 30(b) [now rule
21.3]).





[4]See
Glorioso v. State, 744 S.W.2d 202, 205 (Tex. App.BHouston
[14th Dist.] 1987) (noting that defense attorneys have a duty to fully advise
their clients regarding the desirability of a particular plea and that the
accused bears the sole responsibility for making the decision on what plea
should be entered), remanded on other grounds, 746 S.W.2d 483 (Tex.
Crim. App. 1988); Howard v. State, 667 S.W.2d 265, 267 (Tex. App.BDallas
1984) (stating, ATo the extent this case concerns a
guilty plea, we must apply the standard which requires counsel to provide the
defendant with an understanding of the law relating to the facts sufficient to
insure an informed and conscious choice.@), aff=d,
690 S.W.2d 252 (Tex. Crim. App. 1985); Hanzelka v. State, 682 S.W.2d
385, 386-87 (Tex. App.BAustin
1984, no pet.) (quoting provisions of the Texas State Bar Code of Professional
Responsibility and the American Bar Association Standards for Criminal Justice
[referred to as The Defense Function] which pertain to an attorney=s
duty to fully inform clients of plea bargain offers).     





[5]See
United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992) (noting that the
difference in sentence exposure between accepting a plea offer and standing
trial is crucial information in the decision of whether to plead guilty); Beckham
v. Wainwright, 639 F.2d, 262, 267 (5th Cir. 1981) (finding ineffective
assistance of counsel when attorney gave erroneous advice to client which
resulted in client=s withdrawal of his guilty plea and
instead stood trial facing the possibility of the maximum sentence); Herring
v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974) (stating that counsel must Aactually
and substantially assist his client in deciding whether to plead guilty. . .
.  His advice should permit the accused
to make an informed and conscious choice.@).