COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DONNIE LEE MOORE,                                      )

                                                                              )              
No.  08-02-00394-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
238th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of Midland County, Texas

Appellee.                           )

                                                                              )                 
(TC# CR-25,945)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
from the trial court=s
judgment revoking Appellant=s
community supervision and adjudicating guilt. 
Appellant pleaded no contest to the offense of aggravated sexual
assault.  Punishment was assessed at ten
years= deferred
adjudication and a $2,000 fine.[1]  A hearing was held upon the State=s motion to revoke Appellant=s community supervision and proceed to
an adjudication of guilt.  At the close
of the hearing, the court revoked Appellant=s
community supervision, entered an adjudication of guilt, and assessed
punishment at fifteen years imprisonment in the Institutional Division of the
Texas Department of Criminal Justice.  We
affirm the judgment of the trial court.

 








I.  SUMMARY
OF THE EVIDENCE

On September 23,
2002, Appellant filed a motion for new trial. 
In this motion, Appellant asserted that he was denied effective
assistance of counsel because trial counsel failed to inform him of a plea
offer from the State.  A hearing on Appellant=s motion for new trial was held on
November 1, 2002.

At this hearing,
Appellant testified that he was sentenced to fifteen years imprisonment on
August 23, 2002.  The next day, his
appointed counsel mentioned something about a plea bargain.  Counsel stated to Appellant that he thought
he had told Appellant about the plea offer but he was not sure.  Appellant testified that he had no knowledge
of any plea bargain and he believed that he had a right to know about the plea
offer prior to trial.  

On
cross-examination, Appellant testified that he would have seriously thought
about the offer and would have discussed it with his family.  He was shown his filed affidavit that he
signed on August 25, 2002.  In this
affidavit, he stated that his only alternative in the case was to continue on
probation.  Appellant stated that he was
not going to consider jail time at that time, as he considered that prison
would be a Adeath
sentence@ for
him.  He related in the affidavit that he
was never told of a ten year plea offer by the State.  








Appellant=s trial counsel testified that he was
appointed to represent Appellant with regard to the motion to revoke his
community supervision.  Counsel recalled
that a plea offer was made by Elizabeth Byer of the District Attorney=s Office around the first day of August
regarding a plea to a ten year prison sentence. 
Counsel responded that he did not think Appellant would accept such an
offer as Appellant wanted to stay on probation. 
Counsel testified that he mentioned the offer to Appellant on the 5th of
August and Appellant refused the offer. 
However, during the conversation the day after trial, Appellant
indicated he had not received any plea offer.  
This caused counsel to question whether he told Appellant of the
offer.  Counsel=s
notes did not reflect whether or not he conveyed the offer to Appellant.  

On
cross-examination, counsel stated:

I think--I honestly
don=t think that I stated at that point in
time that there was an offer made.  I
think that his question to me was, >Well,
what does the prosecutor want to do,=
and my comment was she would agree not to have the trial for a plea of true,
but she would only agree to revoking the probation and penitentiary time.  

 

Neither Appellant
nor his mother indicated that they were interested in such a plea bargain.  In particular, Appellant indicated that he
would not accept any time in the penitentiary. 


On redirect
examination, counsel clarified his testimony by stating that he never informed
Appellant or his mother specifically about the ten year offer by the
State.  

Darlene Moore,
Appellant=s mother,
testified that she had been in frequent contact with her son=s trial counsel during the course of
the proceedings.  She stated, she had not
been informed of any plea offer made by the State.  

Elizabeth Byer, an
assistant district attorney for Midland County stated that she was the
prosecutor in Appellant=s
case.  She did not recall making a firm
offer.  She did recall a conversation
where she stated that any offer had to involve penitentiary time and that trial
counsel should Acome back@ with a penitentiary deal.  There were no notes in her file indicating
that a plea offer had been made.  

II. 
DISCUSSION








In Issue No. Two,
Appellant asserts that he did not receive effective assistance of counsel due
to counsel=s failure
to convey to relay, notify, or contact Appellant regarding the State=s plea offer.[2]  The grant or denial of a motion for new trial
is a matter entirely within the trial court=s
discretion and will not be reversed unless the trial court abused its
discretion.  State v. Gonzalez,
855 S.W.2d 692, 696 (Tex.Crim.App. 1993). 
An abuse of discretion occurs when the trial court=s decision is so clearly wrong as to
lie outside the zone of reasonable disagreement.  Cantu v. State, 842 S.W.2d 667, 682
(Tex.Crim.App. 1992).  At a hearing on a
motion for new trial, the trial court is the sole judge of witness
credibility.  See Lewis v. State,
911 S.W.2d 1, 7 (Tex.Crim.App. 1995).








Successful claims
of ineffective assistance of counsel must first demonstrate that counsel was
not functioning as counsel guaranteed by the Sixth Amendment in providing
reasonably effective assistance.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984).  The second prong of this test
requires a showing that counsel=s
errors were so serious as to deprive Appellant of a fair trial, such that there
arises a reasonable probability that but for counsel=s
unprofessional errors, the results would have been different.  Reasonable probability is a likelihood
sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 694, 104 S.Ct.
at 2052, 80 L.Ed.2d at 698.  Texas
adopted this test in Wilkerson v. State, 726 S.W.2d 542, 548
(Tex.Crim.App. 1986).  See also
McFarland v. State, 845 S.W.2d 824, 842 (Tex.Crim.App. 1992), cert.
denied, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).  The constitutional right to counsel does not
mean errorless representation.  In order
to meet the constitutional standard, counsel must provide reasonably effective
assistance.  Wilkerson, 726 S.W.2d
at 548.  In reviewing these assertions,
the totality of representation is examined as opposed to focusing upon
isolated acts or omissions.  Ineffective
assistance of counsel cannot be established by isolating or separating out one
portion of the trial counsel=s
performance for examination.  Bridge
v. State, 726 S.W.2d 558, 571 (Tex.Crim.App. 1986).  In that regard, this Court, on review, will
not engage in hindsighted comparisons of how other counsel, in particular,
appellate counsel, might have tried the case. 
See Wilkerson, 726 S.W.2d at 548. 
A fair assessment of trial counsel=s
performance requires that every effort be made to eliminate the distorting
effects of hindsight, to reconstruct the circumstances at trial, and to
evaluate the conduct from counsel=s
perspective at the time.  Stafford v.
State, 813 S.W.2d 503, 506 (Tex.Crim.App. 1991).  We must indulge a strong presumption that
counsel=s conduct
falls within the wide range of reasonably professional assistance.  The Appellant must overcome the presumption
that under the circumstances at trial, the challenged action could be
considered sound trial strategy.  Strickland,
466 U.S. at 688-89, 80 L.Ed.2d at 693-95, 104 S.Ct. at 2065; Stafford,
813 S.W.2d at 506.  Consequently,
allegations of ineffectiveness of counsel must be firmly founded by the
record.  Hawkins v. State, 660
S.W.2d 65, 75 (Tex.Crim.App. 1983); Mercado v. State, 615 S.W.2d 225,
228 (Tex.Crim.App. 1981).  The burden is
upon Appellant to establish ineffective assistance of counsel by a
preponderance of the evidence.  Williams
v. State, 837 S.W.2d 759, 761 (Tex.App.--El Paso 1992, no pet.).








In most instances,
the record on direct appeal is undeveloped and cannot adequately reflect the
failings of trial counsel.  Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999).  A defendant may rebutt the presumption of
effectiveness by providing a record from which the appellate court may
ascertain that trial counsel=s
performance was not based on sound trial strategy.  Parmer v. State, 38 S.W.3d 661, 666
(Tex.App.--Austin 2000, pet. ref=d).  A defendant may provide that record by filing
a motion for new trial and obtaining a hearing thereon based on ineffective
assistance of counsel.  Appellant has
done so in this case and we are able to address his claim of ineffective
assistance of counsel.  

Failure of defense
counsel to inform a criminal defendant of plea offers made by the State is an
omission that falls below an objective standard of reasonableness. Ex parte
Lemke, 13 S.W.3d 791, 796 (Tex.Crim.App. 2000); Randle v. State, 847
S.W.2d 576, 580 (Tex.Crim.App. 1993); Paz v. State, 28 S.W.3d 674, 676
(Tex.App.‑‑Corpus Christi 2000, no pet.).  However, when conversations between a
defendant=s counsel
and the prosecutor do not rise to the level of an Aoffer,@ courts have declined to find counsel=s performance deficient.  Harvey v. State, 97 S.W.3d 162, 167
(Tex.App.--Houston [14th Dist.] 2002, pet. ref=d).  Whether conversations between counsel
constituted an offer and acceptance are questions of fact for the trial
court.  See Rodriquez v. State,
509 S.W.2d 319, 321 (Tex.Crim.App. 1974); Harvey, 97 S.W.3d at 167.








In Harvey,
the evidence indicated the prosecutor communicated a willingness to negotiate,
but negotiations broke down over the key issue of jail time.  The parties did not reach a tentative
agreement counsel could take back to his client, as evidenced by the lack of
any specific terms. Therefore, the trial court did not abuse its discretion in
finding counsel was not required to inform his client.  See Harvey, 97 S.W.3d at 167.  The trial court could well have viewed the
evidence in this case in a similar light. 
There was evidence before the court that a firm offer was never made due
to disagreement about the assessment of penitentiary time.

However, even if
there was an existing firm offer between the parties that was not conveyed to
Appellant, in order to show ineffective assistance of counsel, a defendant must
show that, but for counsel=s
unprofessional error, the result of the proceeding would have been
different.  Dickerson v. State, 87
S.W.3d 632, 638 (Tex.App.--San Antonio 2002, no pet.).  In the case of a plea bargain that was not
relayed, this means proof that the offer would have been accepted.  Id.; Paz v. State, 28 S.W.3d
674, 676 (Tex.App.--Corpus Christi 2000, no pet.).  There was abundant evidence in the present
case allowing the trial court to believe that Appellant would not have accepted
any offer involving penitentiary time. 
While Appellant stated that he would have seriously considered the ten
year offer, there was evidence before the court that prior to the hearing,
Appellant would not have accepted any plea offer involving penitentiary
time.  Accordingly, we overrule Issue No.
Two.

Having overruled
each of Appellant=s issues
on review, we affirm the judgment of the trial court.

 

November 4, 2004

RICHARD BARAJAS, Chief Justice

 

Before Panel No. 2

Barajas, C.J., Larsen and McClure, JJ.

 

(Do Not Publish)











[1]  The original
sentence was five years, but it was later extended to ten years.  





[2]  In Appellant=s brief, he asserted in Issue No. One that the
evidence was insufficient to prove Appellant violated a term or condition of
his community supervision.  The State
filed a motion to dismiss the appeal for lack of jurisdiction.  This Court granted the motion with regard to
Issue No. One in that the Code of Criminal Procedure expressly denies a criminal
defendant the right to appeal from a trial court=s
determination to adjudicate guilt.  Tex. Code Crim. Proc. Ann. art. 42.12, ' (5)(b)(Vernon Supp.2004); Connolly v. State,
983 S.W.2d 738, 741 (Tex.Crim.App. 1999). 
Thus, we have no jurisdiction to review the trial court=s order adjudicating Appellant guilty. However, we may
review all of the proceedings conducted after the adjudication of guilt on the
original charge.  See Olowosuko v.
State, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992).  Therefore, an appeal may be had to challenge
the assessment of punishment and pronouncement of sentence.  Article 42.12, '
(5)(b).  In the context of an
adjudication proceeding, we may only review ineffective assistance claims as
they pertain to post‑adjudication matters.  See Olowosuko, 826 S.W.2d at 942.  In the present case, the complaint of
ineffective assistance of counsel involves the assessment of punishment.  Accordingly, we are able to address Issue No.
Two.