02-11-116-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00116-CR

 

 


 
 
 Bert Lee Duncan
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 355th
District Court OF Hood COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          Following
his non-plea-bargained-for plea of guilty and his pleas of true to repeat
offender paragraphs contained in the indictment, a jury sentenced Appellant
Bert Lee Duncan to ninety-nine years’ incarceration for the offense of driving
while intoxicated as a repeat offender.[2]  In two points, Duncan
contends that he received ineffective assistance of counsel because (1) his
counsel failed to timely inform him of the State’s plea offer of forty-five
years’ incarceration and (2) his counsel did not object to the prosecutor’s
statement to the jury that they should consider how parole law would be applied
to Duncan’s sentence.  We will affirm.

II.  Background

The
facts of the underlying offense in this case are not in dispute.  Thus, we will
detail those facts that pertain to the outcome of this appeal only.  After Duncan
pleaded guilty to the charge and true to the enhancements in the indictment,
the jury found him guilty and sentenced him to ninety-nine years’
incarceration.  Afterwards, Duncan filed a motion for new trial.  In his
motion, among other arguments, he claimed that there were “conflicting factual
assertions regarding whether or not [he] received the plea bargain offer prior
to the deadline” to accept the State’s offer.  Duncan acknowledged that trial
counsel claims that Duncan was informed prior to the deadline.

          At
the hearing on the motion for new trial, Duncan did not call trial counsel to
testify to his version of the facts on the issue of whether trial counsel informed
Duncan of the State’s offer.  Related to this appeal and consequently, trial
counsel was also not questioned regarding why he did not object to the
prosecutor’s comment to the jury that Duncan now claims informed them about the
effects of parole laws on Duncan’s punishment.  Duncan, however, did testify.

During
questioning, Duncan averred that he should have been told of the State’s offer
“a lot earlier than” he was informed.  Duncan did not testify that he would
have taken the State’s offer but only that to him it was “not right for a man
that [he had] already paid” to wait so long in the process to inform him of the
State’s offer, which according to Duncan, was conveyed to him on the Friday
before the Monday trial setting.  When asked directly if he would have taken
the State’s offered plea, Duncan responded, “No.  . . . I’m
not saying that.”  But later, Duncan said that he thought that he was accepting
the State’s offer when he came to trial the following Monday.

Duncan
contradicted himself in testimony when he later said that when the judge
admonished him before he entered his plea of guilty, he understood that “there
was no plea bargain[].”  The trial court denied Duncan’s motion.  Subsequently,
the State offered, and the trial court admitted into evidence, an affidavit by
trial counsel which avers that, “Early in the case [he] informed [] Duncan that
the State’s offer was 45 years.”  This appeal followed.

III.  Discussion

          In
two points, Duncan contends that he received ineffective assistance of
counsel.  First, Duncan contends that his trial counsel failed to inform him of
the deadline to accept the State’s offer of forty-five years’ incarceration and
that under this court’s holding in Turner v. State, we should reverse
his sentence and remand his case back to the trial court with an instruction to
reinstate the State’s forty-five year plea bargain offer.  49 S.W.3d 461, 470–71
(Tex. App.—Fort Worth 2001, pet. dism’d) (reversing sentence and reinstating State’s
offer when counsel failed to communicate offer’s deadline to defendant and
defendant attempted to accept offer after deadline had passed).  Second, Duncan
contends that his counsel failed to provide effective assistance of counsel by
not objecting when the prosecutor urged the jury to consider how “parole laws
would be applied specifically” to him.

          A.      The
Right to Effective Assistance of Counsel

          To
establish ineffective assistance of counsel, the appellant must show by a
preponderance of the evidence that his counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Davis v. State, 278 S.W.3d 346, 352 (Tex.
Crim. App. 2009); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999).

          In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  The issue is whether
counsel’s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland,
466 U.S. at 688–89, 104 S. Ct. at 2065.  Review of counsel’s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel’s conduct fell within a wide range of reasonable
representation.  Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005); Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  A
reviewing court will rarely be in a position on direct appeal to fairly
evaluate the merits of an ineffective assistance claim.  Salinas, 163
S.W.3d at 740; Thompson, 9 S.W.3d at 813–14.  “In the majority of cases,
the record on direct appeal is undeveloped and cannot adequately reflect the
motives behind trial counsel’s actions.”  Salinas, 163 S.W.3d at 740
(quoting Mallett, 65 S.W.3d at 63).  To overcome the presumption of
reasonable professional assistance, “any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Id. (quoting Thompson, 9 S.W.3d at
813).  It is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

          The
second prong of Strickland requires a showing that counsel’s errors were
so serious that they deprived the defendant of a fair trial, i.e., a trial with
a reliable result.  Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064.  In other words, appellant must show there is a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.  Id. at 694, 104 S. Ct. at 2068.  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Id.  The ultimate focus of our inquiry must be on the
fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S. Ct. at 2070.

          B.      The
State’s Offered Plea

          In
this case, at the motion-for-new-trial hearing, Duncan’s testimony establishes
that at best he was willing to consider the offer of forty-five years. 
Duncan’s testimony was that he wanted less time.  On numerous occasions during his
testimony, Duncan made it clear that he thought forty-five years was too much
time to consider in a plea.  And when asked directly whether he was saying that
he would have taken the forty-five year deal, Duncan responded, “No.  . . . I’m
not saying that.”  Duncan also contradicted himself during testimony when at
one point he said he believed he was accepting the State’s offer but later
acknowledged that there was no plea bargain in place when he entered his plea.

Duncan relies on this court’s decision in Turner
for the proposition that whenever trial counsel fails to communicate to a
defendant a deadline on a State’s plea offer, a conviction should be reversed
and the State’s offer should be reinstated.  49 S.W.3d at 470–71.  But Duncan’s
reliance on Turner is misplaced, because unlike in Turner, there
is no evidence here that Duncan attempted to accept the State’s offer at any
time prior to the hearing on his motion for new trial.  See id.; see
also Paz v. State, 28 S.W.3d 674, 676 (Tex. App.—Corpus Christi 2000, no
pet.) (reinstating offer when counsel failed to inform defendant of offer and
defendant said he would have accepted offer).

Given Duncan’s own testimony, we conclude and hold that
there is insufficient evidence to undermine the confidence in the outcome of
the trial.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In
other words, there is no evidence that the outcome of the trial would have been
different, and Duncan fails to satisfy the second prong of Strickland.  See
Sheehan v. State, No. 02-02-00401-CR, at *3, 2003 WL 22253865 (Tex.
App.—Fort Worth Oct. 02, 2003, pet. ref’d, cert. denied, 543 U.S. 935
(2004)) (not designated for publication) (holding that trial counsel’s failure
to communicate to defendant conditional plea bargain offers made by state was
not ineffective assistance of counsel where defendant’s own testimony at
hearing on his motion for new trial established only that he was willing to
consider a plea, not that he would have accepted the conditions of the offer); see
also Ex parte Lemke, 13 S.W.3d 791, 796–98 (Tex. Crim. App. 2000)
(ruling that prejudice prong of Strickland was satisfied by evidence
that defendant would have accepted the plea bargain offer had it been
communicated by counsel).  We overrule Duncan’s first point.

          C.      Trial
Counsel’s Lack of Objection

          During
the punishment phase, the prosecutor argued in front of the jury that Duncan is
“going to get out of prison at some point, and I’m going to talk to you about
that.  He’s going to get out of prison at some point . . . .” 
Trial counsel did not object to this remark.  Duncan claims that this statement
by the prosecutor violated Texas Code of Criminal Procedure article 37.07,
which states that a jury is “not to consider the extent to which good conduct
time may be awarded to or forfeited by this particular defendant.”  Tex. Code Crim.
Proc. Ann. art. 37.07 (West Supp. 2011).  Thus, according to Duncan, trial
counsel’s failure to object to the prosecutor’s statement constituted
ineffective assistance of counsel.  We will assume without deciding that the
prosecutor’s comment is prohibited by article 37.07.[3]

Generally, an isolated failure to object to certain
procedural mistakes or improper evidence does not constitute ineffective
assistance of counsel.  See Ingham v. State, 679 S.W.2d 503, 509 (Tex.
Crim. App. 1984); see also Scheanette v. State, 144 S.W.3d 503,
510 (Tex. Crim. App. 2004) (stating that an ineffective assistance claim must
“be firmly founded in the record”), cert. denied, 543 U.S. 1059 (2005). 
And, generally, when the record is silent as to counsel’s reason for failing to
object, the appellant fails to rebut the presumption that counsel acted
reasonably.  Thompson, 9 S.W.3d at 814.  That is, where, as in this
case, there is no record relative to counsel’s decisions and actions, an
allegation of ineffective assistance can often lie beyond effective appellate
review.  Stults v. State, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d).  Thus, we cannot determine that Duncan was denied
effective assistance of counsel.  Duncan has a more appropriate remedy in
seeking a writ of habeas corpus to allow him the opportunity to develop
evidence to support his complaint.  See Robinson v. State, 16 S.W.3d
808, 810 (Tex. Crim. App. 2000) (noting that a postconviction writ proceeding
is the preferred method for gathering the facts necessary to substantiate an
ineffective assistance of counsel claim).  We therefore overrule Duncan’s
second point.

IV.  Conclusion

Having overruled both of Duncan’s points, we affirm the
trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
MCCOY,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 22, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 49.04, 49.09(b)(2) (West Supp. 2011).





[3]We note that under article
37.07, it is permissible for a jury to consider the existence of parole law and
good conduct time.  Tex. Code Crim. Proc. Ann. art. 37.07.  But article 37.07
prohibits a jury from considering how those laws affect the particular
defendant on trial.  Id.