

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00116-CR

BERT LEE DUNCAN                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Following his non-plea-bargained-for plea of guilty and his pleas of true to repeat offender paragraphs contained in the indictment, a jury sentenced Appellant Bert Lee Duncan to ninety-nine years' incarceration for the offense of driving while intoxicated as a repeat offender.[2]  In two points, Duncan contends

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 49.04, 49.09(b)(2) (West Supp. 2011).

that he received ineffective assistance of counsel because (1) his counsel failed to timely inform him of the State's plea offer of forty-five years' incarceration and (2) his counsel did not object to the prosecutor's statement to the jury that they should consider how parole law would be applied to Duncan's sentence. We will affirm.

## II. BACKGROUND

The facts of the underlying offense in this case are not in dispute. Thus, we will detail those facts that pertain to the outcome of this appeal only. After Duncan pleaded guilty to the charge and true to the enhancements in the indictment, the jury found him guilty and sentenced him to ninety-nine years' incarceration. Afterwards, Duncan filed a motion for new trial. In his motion, among other arguments, he claimed that there were "conflicting factual assertions regarding whether or not [he] received the plea bargain offer prior to the deadline" to accept the State's offer. Duncan acknowledged that trial counsel claims that Duncan was informed prior to the deadline.

At the hearing on the motion for new trial, Duncan did not call trial counsel to testify to his version of the facts on the issue of whether trial counsel informed Duncan of the State's offer. Related to this appeal and consequently, trial counsel was also not questioned regarding why he did not object to the prosecutor's comment to the jury that Duncan now claims informed them about the effects of parole laws on Duncan's punishment. Duncan, however, did testify.

2

During questioning, Duncan averred that he should have been told of the State's offer "a lot earlier than" he was informed. Duncan did not testify that he would have taken the State's offer but only that to him it was "not right for a man that [he had] already paid" to wait so long in the process to inform him of the State's offer, which according to Duncan, was conveyed to him on the Friday before the Monday trial setting. When asked directly if he would have taken the State's offered plea, Duncan responded, "No. . . . I'm not saying that." But later, Duncan said that he thought that he was accepting the State's offer when he came to trial the following Monday.

Duncan contradicted himself in testimony when he later said that when the judge admonished him before he entered his plea of guilty, he understood that "there was no plea bargain[]." The trial court denied Duncan's motion. Subsequently, the State offered, and the trial court admitted into evidence, an affidavit by trial counsel which avers that, "Early in the case [he] informed [] Duncan that the State's offer was 45 years." This appeal followed.

### III. DISCUSSION

In two points, Duncan contends that he received ineffective assistance of counsel. First, Duncan contends that his trial counsel failed to inform him of the deadline to accept the State's offer of forty-five years' incarceration and that under this court's holding in *Turner v. State*, we should reverse his sentence and remand his case back to the trial court with an instruction to reinstate the State's forty-five year plea bargain offer. 49 S.W.3d 461, 470–71 (Tex. App.—Fort

Worth 2001, pet. dism'd) (reversing sentence and reinstating State's offer when counsel failed to communicate offer's deadline to defendant and defendant attempted to accept offer after deadline had passed). Second, Duncan contends that his counsel failed to provide effective assistance of counsel by not objecting when the prosecutor urged the jury to consider how "parole laws would be applied specifically" to him.

### A.     The Right to Effective Assistance of Counsel

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*

4

*v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

5

## B. The State's Offered Plea

In this case, at the motion-for-new-trial hearing, Duncan's testimony establishes that at best he was willing to consider the offer of forty-five years. Duncan's testimony was that he wanted less time. On numerous occasions during his testimony, Duncan made it clear that he thought forty-five years was too much time to consider in a plea. And when asked directly whether he was saying that he would have taken the forty-five year deal, Duncan responded, "No. . . . I'm not saying that." Duncan also contradicted himself during testimony when at one point he said he believed he was accepting the State's offer but later acknowledged that there was no plea bargain in place when he entered his plea.

Duncan relies on this court's decision in *Turner* for the proposition that whenever trial counsel fails to communicate to a defendant a deadline on a State's plea offer, a conviction should be reversed and the State's offer should be reinstated. 49 S.W.3d at 470–71. But Duncan's reliance on *Turner* is misplaced, because unlike in *Turner*, there is no evidence here that Duncan attempted to accept the State's offer at any time prior to the hearing on his motion for new trial. *See id.*; *see also Paz v. State*, 28 S.W.3d 674, 676 (Tex. App.—Corpus Christi 2000, no pet.) (reinstating offer when counsel failed to inform defendant of offer and defendant said he would have accepted offer).

Given Duncan's own testimony, we conclude and hold that there is insufficient evidence to undermine the confidence in the outcome of the trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, there is no

6

evidence that the outcome of the trial would have been different, and Duncan fails to satisfy the second prong of *Strickland*. *See Sheehan v. State*, No. 02-02-00401-CR, at *3, 2003 WL 22253865 (Tex. App.—Fort Worth Oct. 02, 2003, pet. ref'd, *cert. denied*, 543 U.S. 935 (2004)) (not designated for publication) (holding that trial counsel's failure to communicate to defendant conditional plea bargain offers made by state was not ineffective assistance of counsel where defendant's own testimony at hearing on his motion for new trial established only that he was willing to consider a plea, not that he would have accepted the conditions of the offer); *see also Ex parte Lemke*, 13 S.W.3d 791, 796–98 (Tex. Crim. App. 2000) (ruling that prejudice prong of *Strickland* was satisfied by evidence that defendant would have accepted the plea bargain offer had it been communicated by counsel). We overrule Duncan's first point.

## C. Trial Counsel's Lack of Objection

During the punishment phase, the prosecutor argued in front of the jury that Duncan is "going to get out of prison at some point, and I'm going to talk to you about that. He's going to get out of prison at some point . . . ." Trial counsel did not object to this remark. Duncan claims that this statement by the prosecutor violated Texas Code of Criminal Procedure article 37.07, which states that a jury is "not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant." Tex. Code Crim. Proc. Ann. art. 37.07 (West Supp. 2011). Thus, according to Duncan, trial counsel's failure to object to the prosecutor's statement constituted ineffective assistance of

counsel. We will assume without deciding that the prosecutor's comment is prohibited by article 37.07.[3]

Generally, an isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *See Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); *see also Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004) (stating that an ineffective assistance claim must "be firmly founded in the record"), *cert. denied*, 543 U.S. 1059 (2005). And, generally, when the record is silent as to counsel's reason for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably. *Thompson*, 9 S.W.3d at 814. That is, where, as in this case, there is no record relative to counsel's decisions and actions, an allegation of ineffective assistance can often lie beyond effective appellate review. *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Thus, we cannot determine that Duncan was denied effective assistance of counsel. Duncan has a more appropriate remedy in seeking a writ of habeas corpus to allow him the opportunity to develop evidence to support his complaint. *See Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000) (noting that a postconviction writ proceeding is the preferred method for

---

[3]We note that under article 37.07, it is permissible for a jury to consider the existence of parole law and good conduct time. Tex. Code Crim. Proc. Ann. art. 37.07. But article 37.07 prohibits a jury from considering how those laws affect the particular defendant on trial. *Id.*

gathering the facts necessary to substantiate an ineffective assistance of counsel claim).  We therefore overrule Duncan's second point.

## IV. CONCLUSION

Having overruled both of Duncan's points, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 22, 2011