**Belinda HARVEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–01–00385–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 26, 2002.

Rehearing Overruled Feb. 27, 2003.

Jack B. Zimmerman, Kyle Reeves Sampson, Terri R. Jacobs, Houston, for Appellant.

Donald W. Rogers, Houston, for State.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## MAJORITY OPINION

SCOTT BRISTER, Chief Justice.

Following a mistrial in which the first jury deadlocked, a second jury found appellant Belinda Harvey guilty of making a false report of child abuse and assessed the maximum sentence, confinement for one year and a $4,000 fine. *See* TEX. FAM. CODE § 261.107; TEX. PEN.CODE § 12.21. On appeal, she alleges the trial court erred in refusing to strike a juror for cause and in admitting testimony by a former attorney, and her counsel erred in failing to convey an offer from the prosecution. We affirm.

Appellant, a paralegal at a Houston law firm, was fired from her job in May 2000. About a month later, she called Child Protective Services and anonymously reported that one of the attorneys at the firm had physically abused his two-year-old daughter in February of 2000. The case worker assigned to investigate the allegations found no significant signs of abuse and closed the case. Thereafter the grand jury returned a misdemeanor indictment against appellant for making a false report of child abuse.

### *Challenge for Cause*

In her first point of error, appellant asserts an unacceptable juror was seated because she had to expend her last peremptory strike on a disqualified panel member whom the trial court refused to strike. She asserts the latter was disqualified as a matter of law because of opinions as to appellant's guilt that would influence her verdict. *See* TEX.CODE CRIM. PROC. art. 35.16(a)(10). We review the entire record

for sufficient evidence to support the ruling, giving great deference to the trial judge's ability to observe demeanor and tone of voice. *Feldman v. State*, 71 S.W.3d 738, 744 (Tex.Crim.App.2002).

Initially, the State argues this issue is not preserved because appellant never challenged the juror. While it is true those words do not appear in the record, defense counsel's challenge to this panel member and the grounds for it were abundantly clear. After extensive questioning of the potential juror at the bench, the trial judge stated, "Have your seat. Be overruled." Only one thing *could* have been "overruled"—the challenge for cause everyone knew was contemplated by the bench conference. The context here indicates the trial court was acutely aware of the complaint and the specific grounds underlying it. *See* TEX.R.APP. P. 33.1(a)(1)(A). We hold appellant preserved error for our review. *See Cooks v. State*, 844 S.W.2d 697, 718 n. 13 (Tex.Crim. App.1992) (noting appellant's interest in challenging juror apparent from record despite lack of express challenge).

Nevertheless, we disagree with appellant that the challenged juror had concluded appellant was guilty. During voir dire, defense counsel asked the panel whether a person's delay in reporting an allegation of abuse would cause them to "conclude automatically" that the person knew the report was false. While the challenged juror initially indicated a long delay would "color my judgment," upon further examination she testified she would decide the case on its facts, and would not find anyone "automatically guilty" because of a delay.[1]

---

1. The following exchange took place at the bench when defense counsel asked the juror about appellant's delay in reporting the alleged abuse:

    [JUROR]: I think it would color my judgment yes, that she's guilty.

    [DEFENSE COUNSEL]: So right now you're kind of leaning just from what you heard.

    [JUROR]: Just from what I've heard.

    . . . .

■ A juror who has formed an opinion as to guilt, but has not stated unequivocally that it will influence his or her verdict, is not disqualified if the trial court is satisfied from the whole record that the juror can render an impartial verdict. *See* Tex. Code Crim. Proc. art. 35.16(a)(10). The trial court's conclusion here falls within the area of its discretion. *See Cannady v. State,* 11 S.W.3d 205, 209 (Tex.Crim.App. 2000) (finding no abuse of discretion in denying motion to strike juror who initially stated he "can't help but think" defendant guilty, but subsequently said he would follow the law).

■ More important, we are not convinced article 35.16(a)(10) is intended to address conclusions jurors may draw from facts presented to them during voir dire. The article appears to address bias obtained *before* entering the courtroom, "from hearsay" or "from reading newspaper accounts, communications, statements or reports or mere rumor." *See* Tex.Code Crim. Proc. art. 35.16(a)(10). Here, by contrast, no one on the jury panel indicated any familiarity with appellant or the incident alleged. The "bias" addressed by appellant related solely to the facts that would be introduced during the trial.

■ In *Standefer v. State,* the Court of Criminal Appeals made clear this is not a basis for disqualifying jurors. 59 S.W.3d 177 (Tex.Crim.App.2001). In that case, the court prohibited commitment questions that ask prospective jurors *not* to decide a case based on a particular fact when the law says they can. *Id.* at 179, 181 (prohibiting question whether jurors would presume guilt from defendant's refusal to submit to breath test). In this case, the propriety of defense counsel's commitment question is not involved, as there was no objection; indeed, counsel for both sides asked jurors whether they would consider a long delay. But the reason *Standefer* declares such commitment questions improper is because they *cannot* form the basis of a challenge for cause. *Id.* at 182 (holding commitment questions improper unless one answer must result in valid challenge for cause).

When a defendant is charged with making a false report of child abuse, the law does not require jurors to ignore a long delay in making the report. Nor does it require them to give it decisive weight. It is simply one piece of evidence they may give whatever weight they choose. Jurors who find it important—and jurors who find it unimportant—are not biased; they are merely doing their job. *See id.* at 183 (stating challenge for cause cannot be based on sufficiency of an item of evi-

---

[PROSECUTOR]: Judge, if I may. You understand . . . we can't tell you the individual facts about this defendant and this case and we're talking to you in hypotheticals just to get your feelings.

[JUROR]: I understand that, yes.

[PROSECUTOR]: There may or may not be any delay in this case. Do you presume the defendant innocent at this point because you haven't heard anything about her, correct?

[JUROR]: Right now I presume her innocent because I haven't heard anything but—

. . . .

[PROSECUTOR]: . . . . I mean you're not just going to find her guilty because [Defense counsel] said something on voir dire, are you? You're going to listen to the facts under oath and make your decision.

[JUROR]: Yes, but I already have that in the back of my mind.

. . . .

[JUROR]: I[sic] just the time really bothers me.

[THE COURT]: It may bother you. Are you automatically going to use that to convict someone?

[JUROR]: I don't think I could automatically convict someone.

dence); *Coleman v. State,* 881 S.W.2d 344, 352 (Tex.Crim.App.1994) (holding juror could not be struck for cause based on failure to give weight to any particular piece of evidence).

We hold the trial court acted within its discretion in overruling the implied challenge for cause, and overrule appellant's first point of error.

### *Failure to Relay Offer from Prosecution*

■ In points of error two through four, appellant asserts her trial counsel failed to inform her of a potential plea offer, and thus rendered ineffective assistance. She raised this issue in her motion for new trial, and submitted affidavits in support. We review the court's decision to deny the motion for new trial for an abuse of discretion. *Salazar v. State,* 38 S.W.3d 141, 148 (Tex.Crim.App.2001).

During the punishment phase after appellant had been found guilty, one of her two trial counsel approached the prosecutor to discuss whether they could reach an agreed sentence. According to appellant's affidavits, the prosecutor agreed to probate part of appellant's sentence provided she served some time in jail. The length of incarceration or other terms of the probation were not discussed. The prosecutor stated in her affidavit that no agreement was reached because defense counsel refused to agree to any time in jail.

Appellant's motion asserted her counsel was ineffective in failing to convey this discussion to her. To prevail on a claim of ineffective assistance of counsel, appellant must show (1) counsel's performance was deficient, and (2) but for counsel's unprofessional errors, in reasonable probability

the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984).

■ Failure of defense counsel to inform a criminal defendant of plea offers made by the State is an omission that falls below an objective standard of professional reasonableness. *Ex parte Lemke,* 13 S.W.3d 791, 795 (Tex.Crim.App.2000). But when conversations between defense counsel and the State do not rise to the level of an "offer," courts have declined to find counsel's failure to inform the defendant deficient. *See Hernandez v. State,* 28 S.W.3d 660, 666 (Tex.App.-Corpus Christi 2000 pet. ref'd) (finding failure to convey conversation reasonable when suggestion of twenty years was not a "firm offer").[2]

■ Whether conversations between counsel constituted an offer and acceptance are questions of fact for the trial court. *See Rodriquez v. State,* 509 S.W.2d 319, 321 (Tex.Crim.App.1974). Here, the evidence indicated the prosecutor communicated a willingness to negotiate, but negotiations broke down over the key issue of jail time. The parties never reached a tentative agreement counsel could take back to his client, as evidenced by the lack of any specific terms. Thus, the trial court did not abuse its discretion in finding counsel was not required to inform his client.

■ Appellant also argues the decision to reject any jail time as a condition of probation was made by her counsel without consulting her, and thus also constituted ineffective assistance of counsel. Appellant must prove counsel's deficiency by a preponderance of the evidence. *See*

---

**2.** *See also United States v. Plewniak,* 947 F.2d 1284, 1289 (5th Cir.1991) (finding letter from prosecutor not specific enough to be an "offer"); *Catlett v. State,* 331 Ark. 270, 962 S.W.2d 313, 324 (1998) (finding counsel was

not ineffective when counsel discussed but never reached plea agreement); *Lane v. State,* 268 Ga. 678, 492 S.E.2d 230, 233 (1997) (upholding trial court's finding that State made no actual plea offer).

*Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim.App.2002). Here, neither appellant's affidavit nor that of the trial counsel involved established that this decision was unilateral. Obviously, counsel acted reasonably in breaking off negotiations if appellant's instructions to him made jail non-negotiable. By failing to prove otherwise, appellant has failed to establish the first prong of *Strickland. See* 466 U.S. at 687, 104 S.Ct. 2052. We overrule appellant's second, third, and fourth points of error.

### Attorney–Client Privilege

▮ In her final point of error, appellant argues the trial court erred in admitting testimony protected by the attorney-client privilege. During the punishment phase, the State called a civil attorney who had represented appellant as plaintiff in a lawsuit alleging negligent transmission of a communicable disease. Appellant objected to the following portion of his testimony:

[PROSECUTOR]: Did you request of this defendant that she provide some proof of this allegation?

[ATTORNEY]: Yes.

[PROSECUTOR]: And did she ever provide any proof to substantiate the allegation that Dr. Goldberg had given her some sort of disease?

. . . .

[ATTORNEY]: Some, yes.

[PROSECUTOR]: Sufficient for the lawsuit?

[ATTORNEY]: Not sufficient for a finding of liability, no.

▮ The attorney-client privilege protects confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. TEX.R. EVID. 503(b)(1). The burden of establishing the privilege is on the party asserting it. *Strong v. State,* 773 S.W.2d 543, 552 (Tex.Crim.App.1989). We review

the trial court's decision for abuse of discretion. *Kos v. State,* 15 S.W.3d 633, 637 (Tex.App.-Dallas 2000, pet ref'd).

Here, the attorney's testimony revealed only that he requested proof from appellant to substantiate her claim and she provided some. None of the details of that proof were disclosed. While his testimony concerned a communication between the two, it did not disclose any confidences. The privilege protects *what* the client has disclosed in confidence, not *the fact* that an attorney has requested such disclosure. *See Manning v. State,* 766 S.W.2d 551, 557 (Tex.App.-Dallas 1989), *affirmed and opinion adopted,* 773 S.W.2d 568, 569 (Tex. Crim.App.1989) (citing *United States v. Kendrick,* 331 F.2d 110, 113–14 (4th Cir. 1964)).

Several statutes and rules require attorneys to investigate claims before filing them, and provide for sanctions against attorneys who do not. *See, e.g.,* TEX. CIV. PRAC. & REM.CODE § 10.001(3); TEX.R. CIV. P. 13; TEX. DISCIPLINARY R. PROF'L CONDUCT 3.01, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit.G app. A (TEX. STATE BAR R. art. X, § 9). We *do not believe* an attorney is required to remain silent when asked if that duty has been fulfilled. Thus, the trial judge did not abuse his discretion in admitting this testimony, and we overrule appellant's final point of error.

The judgment of the trial court is affirmed.

KEM THOMPSON FROST, Justice, concurs.

KEM THOMPSON FROST, Justice, concurring.

The majority reaches the correct result but errs in concluding that appellant failed to satisfy the first prong of the *Strickland* test. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80

L.Ed.2d 674 (1984). A criminal defense lawyer has an obligation to keep the accused advised of communications from the prosecutor regarding a possible plea bargain. *See id.,* 466 U.S. at 689, 104 S.Ct. at 2065; *Ex parte Wilson,* 724 S.W.2d 72, 73–74 (Tex.Crim.App.1987); 1 *Standards for Criminal Justice,* Standard 4–6.2(a) (2d ed.1980). This obligation is especially important during the punishment phase of a trial. At that point, much of the uncertainty surrounding the outcome has been eliminated because the defendant has been convicted and knows for certain that some punishment will follow. Under these circumstances, trial counsel should relay to the accused all material communications regarding a possible plea bargain, not just those communications that constitute "firm offers." Though, in many cases, it may be difficult to prove prejudice under the second prong of *Strickland* in the absence of a firm offer for a plea bargain, this difficulty should not affect the analysis under the first prong of *Strickland* as to the objective standard of reasonableness for relaying plea-bargain communications during the punishment phase.

The sentencing stage of any case, regardless of the potential punishment, is "the time at which for many defendants the most important services of the entire proceeding can be performed," and thus, during this critical phase, it is crucial that defense attorneys follow the standards set out in the Texas Code of Professional Responsibility. *Milburn v. State,* 15 S.W.3d 267, 269 (Tex.App.Houston [14th Dist.] 2000, pet. refd). An accused might not be willing to accept or even entertain a plea bargain before the guilt/innocence phase of a trial has been completed, but after a jury has returned a guilty verdict, the entire dynamic of the trial changes. Whatever communications may have transpired before conviction are of little relevance in the critical period after conviction and before sentencing. Because the posture of the case has changed dramatically, the defendant is much more likely to accept or consider a plea bargain.

Here, after the jury returned a guilty verdict, appellant's trial counsel failed to advise appellant that, if she agreed to have the trial court assess punishment, the State would consider agreeing to a probated sentence, as long as there was some jail time as a condition of probation. This is the kind of information counsel representing a convicted criminal defendant facing punishment should convey to his client. Because appellant's trial counsel failed to communicate this important information to appellant, counsel's performance fell below an objective standard of reasonableness. This failure satisfies the first prong of *Strickland.*

Appellant, however, has not satisfied the second prong of *Strickland* because she failed to demonstrate that she suffered any prejudice as a result of her counsel's error. More specifically, appellant has not shown what plea bargain would have been acceptable to the prosecutor. Further, she never claimed that she would have accepted any plea offer in the punishment phase of the trial. Thus, appellant has not met the second prong of *Strickland. See Ex parte Lemke,* 13 S.W.3d 791, 796–98 (Tex.Crim.App.2000) (holding that applicant satisfied second prong of *Strickland* by testifying that he would have accepted the prosecutor's plea offer if his counsel had communicated it to him and that applicant did not have to show that the trial court would have accepted the plea bargain); *Ex parte Wilson,* 724 S.W.2d at 74 (finding prejudice where applicant testified he would have accepted the plea bargain offer his counsel failed to communicate to him); *State v. Williams,* 83 S.W.3d 371, 374–75 (Tex.App.Corpus Christi 2002, no pet. h.) (defendant satisfied second prong of

*Strickland* by testifying that he would have accepted the prosecutor's plea offer if his trial counsel had fully explained the offer to him); *Dickerson v. State*, 87 S.W.3d 632, 637–38 (Tex.App.San Antonio 2002, no pet. h.) (appellant did not satisfy second prong of *Strickland* because he did not testify that he would have accepted the prosecutor's plea offer); *Paz v. State*, 28 S.W.3d 674, 676 (Tex.App.Corpus Christi 2000, no pet.) (appellant satisfied second prong of *Strickland* by testifying that he would have accepted the prosecutor's plea offer if his counsel had communicated it to him).

The Texas Court of Criminal Appeals examined the prejudice requirement in *Lemke* and concluded that the applicant had shown prejudice under *Strickland* by testifying that he would have accepted the prosecutor's plea offer had his counsel communicated it to him. *See Ex parte Lemke*, 13 S.W.3d at 796–98. The Court of Criminal Appeals explicitly held that the applicant did not have to show that the trial court would have accepted the plea bargain; rather, the court concluded the applicant was prejudiced by his missed opportunity to accept the plea bargain offer and present it to the trial court for consideration. *See id.* The *Lemke* court did not hold that a defendant whose counsel failed to tell him about a plea offer can show prejudice without proving he would have accepted the plea offer. *See id.* Cases decided after *Lemke* continue to require a defendant to show that he would have accepted the plea offer. *See Williams*, 83 S.W.3d 371, 374–75; *Dickerson*, 87 S.W.3d at 637–38; *Paz*, 28 S.W.3d at 676. Because appellant failed to demonstrate, among other things, that she would have accepted a plea bargain with some jail time as a condition of probation, she has not satisfied the second prong of *Strickland*. For this reason, appellant's ineffectiveness claim is without merit. Accordingly, this court is correct in affirming the judgment.