JACKSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-217-CR

EBENEZER K. JACKSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Ebenezer K. Jackson of assault causing bodily injury to a family member, and the trial court sentenced him to 120 days in jail, probated for eleven months.  In two issues, Appellant argues that the trial court abused its discretion in denying his motion for new trial because he was deprived of his right to effective assistance of counsel under the federal and state constitutions.  Because we hold that the trial court did not abuse its discretion in denying Appellant’s motion for new trial, we affirm the trial court’s judgment.

Appellant argues that he received ineffective assistance of counsel at trial because his trial counsel 

failed to communicate a plea offer from a Class C misdemeanor;

failed to accept the offer despite Appellant’s “explicit desires and  requests to his counsel;”

provided inaccurate advice concerning immigrant status and deportation possibilities; and

failed to advise Appellant properly about the nature and consequences of a terroristic threat plea bargain offer.  

We apply a two-pronged test to ineffective assistance of counsel claims.
(footnote: 2)  First, appellant must show that his counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.
(footnote: 3)   In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.
(footnote: 4)  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.
(footnote: 5)  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”
(footnote: 6)  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.
(footnote: 7)  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.
(footnote: 8)
 The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is, a trial whose result is reliable.
(footnote: 9)  In other words, Appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
(footnote: 10)  A reasonable probability is a probability sufficient to undermine confidence in the outcome.
(footnote: 11)  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.
(footnote: 12)  

When defense counsel does not inform a criminal defendant of a plea bargain offer made by the State, defense counsel’s performance falls below an objective standard of professional reasonableness.
(footnote: 13)  
But, as the State points out, “when conversations between defense counsel and the State do not rise
 
to the level of an ‘offer,’ courts have declined to find counsel’s failure to inform the defendant deficient.”
(footnote: 14)  Additionally, deportation is generally held to be a collateral consequence of a conviction.
(footnote: 15)  Even a complete failure to advise a defendant of collateral consequences does not amount to ineffective assistance.
(footnote: 16)  

 Appellant is a citizen of Ghana.  His primary concern at trial appeared to be 
the threat of deportation.  His trial counsel was experienced in representing non-citizen defendants in criminal cases.  He instructed Appellant that the only way to guarantee that a conviction would not subject Appellant to deportation was if the State offered a class C misdemeanor.   Defense counsel’s testimony, taken in its entirety, could have led the trial court to reasonably conclude that the State never offered to accept a guilty plea for any offense lower than a terroristic threat, which is a class B misdemeanor.
(footnote: 17)  Further, both defense counsel and attorney Francisco Hernandez, who testified at the hearing for the defense, stated that they could not guarantee that a conviction for terroristic threat would not result in deportation.  The trial court could have thus reasonably concluded that defense counsel reasonably believed that Appellant’s immigration status could have been jeopardized had he been convicted of that offense.  Finally, on this record, the trial court heard two different attorneys, both experienced in criminal law and immigration law, give two different reasonable perspectives on the possible and probable consequences of various convictions on immigration status.  Neither party introduced relevant federal law, and neither party asked the court to take judicial notice of relevant federal law.  For all of the above reasons, we cannot say that the trial court abused its discretion in denying Appellant’s motion for new trial.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 21, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

3:
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

4:
Thompson
, 9 S.W.3d at 813.

5:
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.

6:
Id. 
at 690, 104 S. Ct. at 2066.

7:
Thompson
, 9 S.W.3d at 814.

8:
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

9:
Id. 
at 687, 104 S. Ct. at 2064.

10:
Id.
 at 694, 104 S. Ct. at 2068. 

11:
Id.

12:
Id.
 at 697, 104 S. Ct. at 2070.

13:
Ex parte Lemke
, 13 S.W.3d 791, 795 (Tex. Crim. App. 2000).

14:
Harvey v. State
, 97 S.W.3d 162, 167 (Tex. App.—Houston [14
th
 Dist.] 2002, pet. ref'd); 
Hernandez v. State
, 28 S.W.3d 660, 666 (Tex. App.—Corpus Christi 2000, pet. ref’d).

15:
See State v. Jimenez
, 987 S.W.2d 886, 888-89 (Tex. Crim. App. 1999). 

16:
Ex parte Morrow
, 952 S.W.2d 530, 537 (Tex. Crim. App. 1997), 
cert. denied
, 525 U.S. 810 (1998).

17:
See
 
Tex. Penal Code Ann.
 § 22.07 (Vernon 2003).