COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-217-CR
 
EBENEZER K. JACKSON                                                                 
APPELLANT
V.
THE STATE OF TEXAS                                                                        
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
A jury convicted Appellant Ebenezer K.
Jackson of assault causing bodily injury to a family member, and the trial court
sentenced him to 120 days in jail, probated for eleven months. In two issues,
Appellant argues that the trial court abused its discretion in denying his
motion for new trial because he was deprived of his right to effective
assistance of counsel under the federal and state constitutions. Because we hold
that the trial court did not abuse its discretion in denying Appellant's motion
for new trial, we affirm the trial court's judgment.
Appellant argues that he received
ineffective assistance of counsel at trial because his trial counsel

 failed to communicate a plea offer from
 a Class C misdemeanor;
 failed to accept the offer despite
 Appellant's "explicit desires and requests to his counsel;"
 provided inaccurate advice concerning
 immigrant status and deportation possibilities; and
 failed to advise Appellant properly
 about the nature and consequences of a terroristic threat plea bargain
 offer.

We apply a two-pronged test to ineffective
assistance of counsel claims. (2) First,
appellant must show that his counsel's performance was deficient; second,
appellant must show the deficient performance prejudiced the defense.
(3) In evaluating the effectiveness of counsel under the first prong,
we look to the totality of the representation and the particular circumstances
of each case. (4) The issue is whether counsel's
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error. (5)
"[C]ounsel is strongly presumed to have rendered adequate assistance and
made all significant decisions in the exercise of reasonable professional
judgment." (6) An allegation of ineffective
assistance must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. (7)
Our scrutiny of counsel's performance must be highly deferential, and every
effort must be made to eliminate the distorting effects of hindsight.
(8)
The second prong of Strickland
requires a showing that counsel's errors were so serious that they deprived the
defendant of a fair trial, that is, a trial whose result is reliable.
(9) In other words, Appellant must show there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. (10) A
reasonable probability is a probability sufficient to undermine confidence in
the outcome. (11) The ultimate focus of our
inquiry must be on the fundamental fairness of the proceeding whose result is
being challenged. (12)
When defense counsel does not inform a
criminal defendant of a plea bargain offer made by the State, defense counsel's
performance falls below an objective standard of professional reasonableness.
(13) But, as the State points out, "when conversations between
defense counsel and the State do not rise to the level of an 'offer,' courts
have declined to find counsel's failure to inform the defendant deficient."
(14) Additionally, deportation is generally held to be a collateral
consequence of a conviction. (15) Even a
complete failure to advise a defendant of collateral consequences does not
amount to ineffective assistance. (16)
Appellant is a citizen of Ghana. His
primary concern at trial appeared to be the threat of deportation. His trial
counsel was experienced in representing non-citizen defendants in criminal
cases. He instructed Appellant that the only way to guarantee that a conviction
would not subject Appellant to deportation was if the State offered a class C
misdemeanor. Defense counsel's testimony, taken in its entirety, could have led
the trial court to reasonably conclude that the State never offered to accept a
guilty plea for any offense lower than a terroristic threat, which is a class B
misdemeanor. (17) Further, both defense counsel
and attorney Francisco Hernandez, who testified at the hearing for the defense,
stated that they could not guarantee that a conviction for terroristic threat
would not result in deportation. The trial court could have thus reasonably
concluded that defense counsel reasonably believed that Appellant's immigration
status could have been jeopardized had he been convicted of that offense.
Finally, on this record, the trial court heard two different attorneys, both
experienced in criminal law and immigration law, give two different reasonable
perspectives on the possible and probable consequences of various convictions on
immigration status. Neither party introduced relevant federal law, and neither
party asked the court to take judicial notice of relevant federal law. For all
of the above reasons, we cannot say that the trial court abused its discretion
in denying Appellant's motion for new trial.
 
                                                                       
LEE ANN DAUPHINOT
                                                                       
JUSTICE
 
PANEL B: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 21, 2003

1. See Tex. R. App. P. 47.4.
2. Strickland v. Washington, 466 U.S. 668, 687,
104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).
3. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).
4. Thompson, 9 S.W.3d at 813.
5. Strickland, 466 U.S. at 688-89, 104 S. Ct. at
2065.
6. Id. at 690, 104 S. Ct. at 2066.
7. Thompson, 9 S.W.3d at 814.
8. Strickland, 466 U.S. at 689, 104 S. Ct. at
2065.
9. Id. at 687, 104 S. Ct. at 2064.
10. Id. at 694, 104 S. Ct. at 2068.
11. Id.
12. Id. at 697, 104 S. Ct. at 2070.
13. Ex parte Lemke, 13 S.W.3d 791, 795 (Tex.
Crim. App. 2000).
14. Harvey v. State, 97 S.W.3d 162, 167 (Tex.
App.--Houston [14th Dist.] 2002, pet. ref'd); Hernandez v. State,
28 S.W.3d 660, 666 (Tex. App.--Corpus Christi 2000, pet. ref'd).
15. See State v. Jimenez, 987 S.W.2d 886, 888-89
(Tex. Crim. App. 1999).
16. Ex parte Morrow, 952 S.W.2d 530, 537 (Tex.
Crim. App. 1997), cert. denied, 525 U.S. 810 (1998).
17. See Tex. Penal Code Ann. § 22.07 (Vernon
2003).