Affirmed and Memorandum Opinion filed July 19, 2005









Affirmed
and Memorandum Opinion filed July 19, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

        NO. 14-04-00044-CR 

       NO. 14-04-00045-CR

____________

 

GARY MARSHALL
PALMER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
Judicial District Court

Harris County, Texas

Trial Court Cause Nos. 915,821
& 915,822

 



 

M E M O R A N D U M   O P I N I O N

Appellant Gary Marshall Palmer was
convicted by a jury in a single trial of aggravated sexual assault and
robbery.  The jury assessed punishment at
thirty years= confinement for aggravated sexual assault
and twenty years= confinement for robbery.  The trial court sentenced appellant to thirty
years= confinement.  In one point of error, appellant contends the
judge erroneously denied his challenge for cause of a veniremember.  We affirm.         








In a single point of error, appellant
argues the trial court erred in not sustaining his challenge for cause to
prospective juror Taylor.  Appellant
claims the denial of his challenge for cause to prospective juror Taylor was an
abuse of discretion and should have been sustained because Taylor said she Aprobably would not
be the best juror@ in this case, had been a victim of an
offense similar in nature to appellant=s charged offense,
and became teary-eyed when she discussed the traumatic event. 

The trial court=s decision to deny
appellant=s challenge for cause is subject to review
under the abuse of discretion standard.  Garcia
v. State, 887 S.W.2d 846, 854 (Tex. Crim. App. 1994).  We review the trial court=s ruling on a
challenge for cause with Aconsiderable deference@ because the trial
court is in the best position to evaluate the veniremember=s demeanor, tone
of voice, and responses.  See Newbury
v. State, 135 S.W.3d 22, 32 (Tex. Crim. App. 2004); Feldman v. State,
71 S.W.3d 738, 744 (Tex. Crim. App. 2002); Colburn v. State, 966 S.W.2d
511, 517 (Tex. Crim. App. 1998); Harvey v. State, 97 S.W.3d 162, 165
(Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  

A defendant may challenge a potential
juror for cause when the potential juror has demonstrated either a bias or
prejudice against the defendant as a person or against some phase of the law
upon which the defendant is entitled to rely. 
Mooney v. State, 817 S.W.2d 693, 700 (Tex. Crim. App. 1991); see  Tex.
Code Crim. Proc. Ann. art. 35.16(a)(9), (c)(2) (Vernon 1989 & Supp.
2004).  Bias is Aan inclination
toward one side of an issue rather than to the other ... [which] leads to the
natural inference that [a juror] will not or did not act with impartiality.@  Anderson v. State, 633 S.W.2d 851, 853
(Tex. Crim. App. 1982).  Prejudice is
simply defined as Aprejudgment.@  Id. 









When a prospective juror is shown to be
biased or prejudiced as a matter of law, the juror must be excused when
challenged, even if the juror states he can set aside the bias or prejudice and
be a fair and impartial juror.  Clark
v. State, 717 S.W.2d 910, 917 (Tex. Crim. App. 1986).  However, when bias or prejudice is not
established as a matter of law, the trial court has discretion to determine
whether bias or prejudice actually exists to such a degree that a prospective
juror is disqualified and that the challenge for cause should be sustained.  Anderson , 633 S.W.2d at 853B54; see Newbury,
135 S.W.3d at 35.  AThe key to the
analysis of the propriety of all rulings upon challenges for cause is not the
use or lack of use of a single word but the import of the voir dire of the
veniremen taken as a whole.@  Cordova v. State, 733 S.W.2d 175, 179
(Tex. Crim. App. 1987) (quoting Barrow v. State, 688 S.W.2d 860, 863
fn.1 (Tex. Crim. App. 1985). 

During the voir dire examination,
prospective juror Taylor said she had a personal issue she wished to
disclose.  Taylor=s voir dire is as
follows:

Juror: 
Um, I came home one day and there was a guy in my house.  He was in the closet.  And he came out, he had a stocking on his
head and a gun.  And I pushed at him and
he knocked me down on the bed.  My
daughter was behind me.  She ran out the
door.  She was near the door.  He jumped up and ran out of one of the
bedrooms. 

The Court: 
How long ago was this?

Juror: 
It=s been, um, about twenty years, I
guess.

The Court: 
Do you think you could set that personal experience aside and be a fair
and impartial juror in this trial?

Juror: 
Yeah, I think so.

The Court: 
You promise us you will?

Juror: 
Yeah, I guess.

The Court: 
You understand it would be unfair to hold that against Mr. Palmer what
happened to you twenty years ago?

Juror: 
I don=t think I -- no, I wouldn=t be able to hold it.[1]

The Court: 
Okay.  Any questions?

Prosecution: 
No.

Defense: Yes, ma=am, I do.  I know that=s deep-rooted, that emotional event
for you.  Happened twenty years ago?

Juror: 
Yes, sir. 

Defense: 
You still remember it?








Juror: 
Oh, yeah.

Defense: 
It still brings tears to your eyes right now, doesn=t it? 

Juror: 
Yes

Defense: 
See how emotional the impact of that is, ma=am? 
On a case like a DWI case, you=d be an excellent juror, but on a case of something of such
nature that=s so close to your emotions, can
you see why this is probably not the type of case -- because we don=t want to bring those memories up,
like it=s being brought up to you now.  We don=t want to bring that up. 
Can you understand that in a case of this nature, you=re probably just not the best type
of juror?  Being honest with the
defendant, you probably would not be the best juror; am I correct?

Juror: 
Probably not. 

Defense: 
See, you=ve got tears coming to your eyes
right now.  We don=t want to see that.  But the Judge doesn=t care and the prosecutor doesn=t care, but on a case of this
nature, you probably would not be the best juror.  Correct ma=am?

Juror: 
You=re probably right.

Prosecution: 
Well --    

Defense: 
That=s all the questions I have.

Juror: 
I=m sorry.    

The Court: 
You can be seated. 

Defense: 
Thank you ma=am. 
Judge we move she be struck for cause.

The Court: 
Denied.[2]          

 








In support of his contention, appellant
cites Holloway v. State, arguing the testimony is similar to the instant
case and its holding should control.  See
666 S.W.2d 104, 106B08 (Tex. Crim. App. 1984) (finding trial
court erred by not granting appellant=s challenge for
cause because the record revealed the prospective juror could not have been
fair and impartial).  In Holloway,
the prospective juror=s house had recently been burglarized and
she was not sure how that personal experience would affect her as a juror.  Id. at 106.  She stated that because of her experience:
(1) she didn=t know whether she could presume the
defendant was innocent; (2) she might find the defendant guilty because of what
the man who burglarized her house did; and (3) she might require less evidence
from the State than required to convict. 
See id. at 106B08.  The instant case is distinguishable from Holloway.


The prospective juror=s house in
Holloway had recently been burglarized, while Taylor=s experience
occurred twenty years ago.  Appellant
emphasizes the fact that Taylor was emotional during the questioning and her
testimony stating she would probably not be the best juror in the case.  However, the mere fact that Taylor believed
she would not be the best juror is not a sufficient basis for
disqualification.  Unlike Holloway,
Appellant=s cross-examination of Taylor did not
explore whether Taylor would presume appellant was innocent, whether she would
find appellant guilty because of what happened twenty years ago, or whether she
might require less evidence from the State than that required by the beyond a
reasonable doubt standard.  See Curry
v. State, 910 S.W.2d 490, 493 (Tex. Crim. App. 1995) (finding the trial
court did not err in denying defendant=s challenge for
cause based on veniremember=s conclusion about
defendant=s guilt where no evidence was adduced from
the veniremember Athat his conclusion would have affected
his verdict@). 
With regard to Taylor=s emotional
demeanor, the trial judge was in the best position to evaluate her demeanor and
responses.  See Colburn, 966
S.W.2d at 517.  Furthermore, Taylor
stated she could set her personal experience aside and be a fair and impartial
juror.                 








After examining the entire voir dire
examination of Taylor, we conclude that no bias or prejudice has been
established as a matter of law, and we hold the trial court did not abuse its
discretion in denying defense counsel=s challenge for
cause.  See Cordova, 733 S.W.2d at
179B89.  Appellant=s sole point of
error is overruled. 

The judgment of the trial court is
affirmed.                        

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Opinion filed July 19, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Given the
ambiguous nature of this answer, we must defer its meaning to the trial
judge.  See Cordova, 733 S.W.2d at
183; see also Colburn, 966 S.W.2d at 517 (stating appellate courts
should not second guess the trial court=s
rulings on challenges for cause where veniremember=s responses are Avacillating,
unclear, or contradictory@).  





[2]  Initially, the
State argues this issue is not preserved because appellant never mentioned to
the trial court any specific ground upon which his challenge for cause was
based and never stated the grounds he now relies upon for appeal.  See Tex.
Code Crim. Proc. Ann. art. 35.16(a)(9), (c)(2) (Vernon 1989 & Supp.
2004) (stating defendant may challenge a juror for cause if juror has bias or
prejudice against the defendant or against any of the law applicable to the
case upon which the defense is entitled to rely).  While it is true the words bias and prejudice
were not used in appellant=s challenge for cause, the grounds for appellant=s challenge were apparent from the context of the examination,
and the trial court was aware of the specific grounds underlying the
challenge.  See Tex. R. App. P. 33.1(a)(1)(A).  We hold appellant preserved error for our
review.  See Harvey, 97 S.W.3d at
165 (finding appellant preserved error for review when trial court overruled
appellant=s challenge for cause before appellant could even make
the challenge or specify the grounds).