# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00449-CR
NO. 03-07-00454-CR

**Susan Roten, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NOS. D-1-DC-06-301882 & D-1-DC-06-204595
HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Susan Roten was convicted of intoxication manslaughter and aggravated assault based on an open plea of guilty. The court assessed punishment at ten years in prison for each offense set to run concurrently. On appeal, Roten contends that she received ineffective assistance of counsel because her trial counsel failed to inform her that the State had offered a sentence of eight years in prison. We affirm.

Because Roten does not challenge any aspect of the finding that she was guilty, we need not discuss the facts of the underlying offenses and will focus on whether the record supports her claim that she received ineffective assistance of counsel. We evaluate claims of ineffective assistance of counsel against the standard set forth in *Strickland v. Washington*. *See* 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 774 (Tex. Crim. App. 1999).

In deciding a claim of ineffective assistance of counsel, we must determine whether an attorney's performance was deficient, and if so, whether that deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). An attorney's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688; *Thompson*, 9 S.W.3d at 812. Deficient performance is prejudicial when, but for the attorney's unprofessional conduct, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. In determining whether an attorney's performance was deficient, we apply a strong presumption that the attorney's conduct was within the range of reasonable professional assistance. *Id*. at 814. We review the effectiveness of counsel in light of the totality of the representation and the circumstances of each case. *Thompson*, 9 S.W.3d at 813.

Failure of defense counsel to inform a criminal defendant of plea offers made by the State is an omission that falls below an objective standard of professional reasonableness. *Ex parte Lemke*, 13 S.W.3d 791, 795 (Tex. Crim. App. 2000). A defense attorney in a criminal case must advise his client of a plea bargain offer, of whether accepting the offer is desirable, and of the defendant's prospects of success on appeal, and the defendant must then choose whether to plead guilty. *Hanzelka v. State*, 682 S.W.2d 385, 386 (Tex. App.—Austin 1984, no pet.). These guarantees exist primarily to ensure that clients, who typically are not present at plea discussions, are made aware of them. *Id*. at 38. To prove counsel was ineffective for failing to inform his client

of an offer, a defendant must establish that counsel acted unilaterally in rejecting an offer. *Harvey v. State*, 97 S.W.3d 162, 168 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

At the hearing where Roten pleaded guilty, the following exchanges occurred among the court, defense counsel Jamie Balagia, and prosecutor Judy Shipway:

> THE COURT:  Do you-all want to have any discussions before we bring the jury panel in?  Where are we on this?
>
> MR. BALAGIA:  Well, we have tried to work it out, Judge, and evidently our numbers are—
>
> THE COURT:  —way apart?
>
> MR. BALAGIA:  Well, ten and five.
>
> THE COURT:  That's not that far apart.
>
> MR. BALAGIA:  But I came up from two to get to five.
>
> . . . .
>
> MS. SHIPWAY:  But a lot of it is what our office feels the community requires in this case, and I can go to eight, but that's as low as I can go.
>
> MR. BALAGIA:  I'm not authorized to sell at eight, and I would advise against it.
>
> . . . .
>
> THE COURT:  All right.  So y'all are at five, y'all are at eight?
>
> MS. SHIPWAY:  Yes, ma'am.
>
> THE COURT:  Y'all aren't that far apart.  You-all want me to decide?
>
> MR. BALAGIA:  Well, not—the only reason I agreed to throw the five out—
>
> THE COURT:  I wouldn't know.  I would have to have a PSI.
>
> MR. BALAGIA:  —was to make the ten go away.

3

THE COURT: Well, it did go away. You have accomplished that. You have succeeded.

MR. BALAGIA: But I thought it should have gone down. I didn't want to offer five. I would have understood if this was a victim who is unrelated and if we had a great outcry about this situation

THE COURT: Let me look at the indictment. So there is no—okay, it's a deadly—you are talking about eight with a deadly weapon?

MS. SHIPWAY: Yes, ma'am.

MR. BALAGIA: Well, then we couldn't go there nowhere near there.

. . . .

THE COURT: Where is she mentally?

MR. BALAGIA: I stretched her hard to get five, very hard.

Shortly thereafter, the court went off the record. When the record was resumed, Roten pleaded guilty without an agreement as to sentence. Roten filed motions for new trial asserting that her plea was involuntary, but the record does not contain any hearing or additional evidence concerning that claim or the claim of ineffective assistance of counsel.

The record does not support Roten's claim of ineffective assistance. The record is silent as to whether the eight-year offer had been made to Roten or her counsel before this hearing. We note, however, that her counsel's statement of the parties' respective offers on sentencing—"ten and five"—coupled with the prosecutor's subsequent statement—"I can go to eight"—is more consistent with the hearing being the first time the possibility of an eight-year term was mentioned to Roten's counsel. His subsequent statements—"I'm not authorized to sell at eight, and I would advise against it" and "I stretched her hard to get five, very hard"—hint at a

limitation on his authority to consider anything above five years and clearly show him advising his client on the record.

Whether the State had mentioned the eight-year offer and Roten's counsel had not told her of such an offer before the hearing loses significance because the record plainly shows that Roten was present in the courtroom during these discussions and was, therefore, informed of the possible eight-year offer and advised against accepting it. Nothing in the record indicates that Roten did anything to indicate interest in pleading guilty with a recommendation of an eight-year term. Roten has not shown that her counsel was otherwise ineffective.

On this record, Roten has not proven that her counsel's performance was deficient. Her intimations from the discussions set out above that her counsel did not communicate an offer of an eight-year sentence are weak, contrary to the record, and do not overcome the strong presumption that counsel's performance was adequate. Even if we were to assume that her counsel failed to communicate an earlier eight-year offer, we conclude that she can show no harm because she was present in open court when the eight-year offer was discussed and did nothing to indicate any interest in it before pleading guilty without a recommended sentence.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: August 15, 2008

Do Not Publish

5