

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-386-CR

JAVIER MAYORGA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Javier Mayorga received deferred adjudication pursuant to a plea of guilty to a first-degree felony. He appeals from a judgment adjudicating his guilt and sentencing him to thirty years' confinement and asserts that his trial counsel provided ineffective assistance. We affirm.

---

[1] ... *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

In September 2005, Appellant pleaded guilty to the offense of aggravated robbery with a deadly weapon, and the trial court ordered Appellant to pay a $1,000 fine and placed him on deferred adjudication community supervision for ten years. By signing the Written Plea Admonishment, Appellant waived "the attendance and record of a court reporter" required by Rule 13.1 of the Texas Rules of Appellate Procedure.

On August 19, 2008, the State filed a petition to proceed to adjudication and alleged Appellant violated his probation by possessing a criminal instrument, failing to pay fines, and failing to report monthly as ordered by the trial court. Appellant entered an open plea of "true" to "each and every act alleged" and again waived "the attendance and record of a court reporter" required by Rule 13.1 of the Texas Rules of Appellate Procedure. Following the hearing, the trial court adjudicated Appellant's guilt, revoked Appellant's community supervision, and sentenced him to thirty years' imprisonment.

Appellant did not file a motion for new trial but filed a pro se notice of appeal on October 17, 2008. In an affidavit signed by Appellant and attached to his brief, Appellant asserts his court-appointed trial counsel provided ineffective assistance following the filing of the State's Petition to Proceed to Adjudication because his trial counsel:

2

- failed to tell him that a plea bargain offer of six years' imprisonment was only good for one day or would expire before the next court date;[2]

- advised him to plead "true" to the allegations and "take his chances" with an open plea to the judge;[3] and

- assured him that he was "highly likely" to have his community supervision reinstated.[4]

### III.  Discussion

In his sole point, Appellant contends his trial counsel was ineffective for failing to (1) ensure that the district attorney's plea offer of six-years' imprisonment would either remain open until the September 26, 2008 hearing or (2) explain that the offer would expire prior to the hearing.

---

[2] ... Appellant's affidavit states that he told his attorney he wanted to think about the six-year plea offer and would give an answer at the next court setting.  The affidavit also states that Appellant intended to accept the six-year plea offer during the September 26, 2008 punishment hearing.

[3] ... Appellant's affidavit states that his attorney offered this advice after Appellant learned at the September 26, 200, punishment hearing that the district attorney rescinded the six-year plea offer and instead offered a fifteen-year sentence.

[4] ... Appellant's affidavit further alleges that his attorney (1) did not cross-examine the alleged victim of the 2005 aggravated robbery during the punishment hearing and (2) failed to offer into evidence several letters of recommendation from teachers at the Lincoln Tech school Appellant attended.

A. Standard of Review

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). The standard for review for ineffective assistance of counsel at the punishment phase is whether appellant received reasonably effective assistance of counsel. *Ex parte Walker*, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990) (per curiam).

Failure of defense counsel to inform a criminal defendant of plea offers made by the State is an omission that falls below an objective standard of professional reasonableness, and the criminal defendant is prejudiced by the missed opportunity of accepting the bargain and presenting it to the trial court for consideration in sentencing. *See Ex parte Lemke*, 13 S.W.3d 791, 795–97 (Tex. Crim. App. 2000); *Aldrich v. State*, 296 S.W.3d 225, 243 (Tex. App.—Fort Worth 2009, pet. ref'd).

4

In evaluating the effectiveness of counsel, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.[5] *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813).

---

[5] Ineffective assistance claims are usually best addressed by a post-conviction writ of habeas corpus. *See Thompson*, 9 S.W.3d at 814 & n.6; *Ex parte Torres*, 943 S.W.2d 469, 475–76 (Tex. Crim. App. 1997). *But see Ex parte Nailor*, 149 S.W.3d 125, 131–32 (Tex. Crim. App. 2004) (holding that specific allegations of deficient attorney performance that were rejected on direct appeal are not cognizable on habeas corpus as a part of a larger ineffective assistance of counsel claim when defendant does not offer additional evidence to support that specific claim of deficient performance in habeas proceeding).

B.  The Record Does Not Support Appellant's Claim

Appellant claims his trial counsel was ineffective for failing to (1) ensure that the district attorney's plea offer of six-years' imprisonment would either remain open until the September 26, 2008 hearing or (2) explain that the offer would expire prior to the hearing.  Appellant points us to no evidence in the record, and we find none, indicating that the State even made such a plea offer.[6]  *See Lemke*, 13 S.W.3d at 795–96; *see also Harvey v. State*, 97 S.W.3d 162, 167 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (stating that when there is not a "firm plea bargain offer," courts have declined to find counsel's failure to inform the defendant deficient).  In fact, the only plea bargain offer referenced in the record is the State's offer of ten years' imprisonment, which Appellant rejected on August 15, 2005.  And we cannot consider Appellant's affidavit on appeal because it was not introduced to the trial court and is not part of the appellate record.  *See* Tex. R. App. P. 34.5, 34.6; *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) (prohibiting an appellate court from considering factual assertions that are

---

[6] Similarly, the record in this case is silent as to why Appellant's counsel did not cross-examine the alleged victim of the 2005 aggravated robbery during the punishment hearing and failed to offer into evidence several letters of recommendation from teachers at the Lincoln Tech school Appellant attended.

outside the record and stating that a party cannot circumvent this prohibition by submitting an affidavit for the first time on appeal). Thus, there is no evidence to rebut the presumption that Appellant's trial counsel acted appropriately concerning the plea bargain with the State. *Salinas*, 163 S.W.3d at 740; *see Mallett*, 65 S.W.3d at 62; *Thompson*, 9 S.W.3d at 813. We overrule Appellant's claim of ineffective assistance of counsel.

## IV. Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 25, 2010