COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.  2-08-386-CR

 

 

JAVIER MAYORGA                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

Appellant
Javier Mayorga received deferred adjudication pursuant to a plea of guilty to a
first-degree felony.  He appeals from a
judgment adjudicating his guilt and sentencing him to thirty years=
confinement and asserts that his trial counsel provided ineffective
assistance.  We affirm.  








II. 
Factual and Procedural Background

In
September 2005, Appellant pleaded guilty to the offense of aggravated robbery
with a deadly weapon, and the trial court ordered Appellant to pay a $1,000
fine and placed him on deferred adjudication community supervision for ten
years.  By signing the Written Plea
Admonishment, Appellant waived Athe
attendance and record of a court reporter@
required by Rule 13.1 of the Texas Rules of Appellate Procedure. 

On
August 19, 2008, the State filed a petition to proceed to adjudication and
alleged Appellant violated his probation by possessing a criminal instrument,
failing to pay fines, and failing to report monthly as ordered by the trial
court.  Appellant entered an open plea of
Atrue@ to Aeach and
every act alleged@ and again waived Athe
attendance and record of a court reporter@
required by Rule 13.1 of the Texas Rules of Appellate Procedure.  Following the hearing, the trial court
adjudicated Appellant=s guilt, revoked Appellant=s
community supervision, and sentenced him to thirty years=
imprisonment. 

Appellant
did not file a motion for new trial but filed a pro se notice of appeal on
October 17, 2008.  In an affidavit signed
by Appellant and attached to his brief, Appellant asserts his court-appointed
trial counsel provided ineffective assistance following the filing of the State=s
Petition to Proceed to Adjudication because his trial counsel:








$       
failed to tell him that a plea bargain offer of six years= imprisonment was only
good for one day or would expire before the next court date;[2]


 

$       
advised him to plead Atrue@ to the allegations and Atake his chances@ with an open plea to the
judge;[3]
and 

 

$       
assured him that he was Ahighly
likely@ to have
his community supervision reinstated.[4]

III. 
Discussion

In his
sole point, Appellant contends his trial counsel was ineffective for failing to
(1) ensure that the district attorney=s plea
offer of six-years= imprisonment would either
remain open until the September 26, 2008 hearing or (2) explain that the offer
would expire prior to the hearing. 

 

 








A.  Standard of Review

To
establish ineffective assistance of counsel, appellant must show by a
preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and that
there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999).  The standard for review for
ineffective assistance of counsel at the punishment phase is whether appellant
received reasonably effective assistance of counsel.  Ex parte Walker, 794 S.W.2d 36, 37
(Tex. Crim. App. 1990) (per curiam). 

Failure of defense
counsel to inform a criminal defendant of plea offers made by the State is an
omission that falls below an objective standard of professional reasonableness,
and the criminal defendant is prejudiced by the missed opportunity of accepting
the bargain and presenting it to the trial court for consideration in
sentencing.  See Ex parte Lemke, 13
S.W.3d 791, 795B97 (Tex. Crim. App. 2000); Aldrich
v. State, 296 S.W.3d 225, 243 (Tex. App.CFort
Worth 2009, pet. ref=d).








In
evaluating the effectiveness of counsel, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.[5]  Thompson, 9 S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).








B.  The Record Does Not Support Appellant=s Claim








Appellant
claims his trial counsel was ineffective for failing to (1) ensure that the
district attorney=s plea offer of six-years=
imprisonment would either remain open until the September 26, 2008 hearing or
(2) explain that the offer would expire prior to the hearing.  Appellant points us to no evidence in the
record, and we find none, indicating that the State even made such a plea
offer.[6]  See Lemke, 13 S.W.3d at 795B96;
see also Harvey v. State, 97 S.W.3d 162, 167 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d)
(stating that when there is not a Afirm
plea bargain offer,@ courts have declined to find
counsel=s
failure to inform the defendant deficient). 
In fact, the only plea bargain offer referenced in the record is the
State=s offer
of ten years= imprisonment, which Appellant
rejected on August 15, 2005.  And we
cannot consider Appellant=s affidavit on appeal because it
was not introduced to the trial court and is not part of the appellate
record.  See Tex. R. App. P. 34.5,
34.6; Whitehead v. State, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004)
(prohibiting an appellate court from considering factual assertions that are
outside the record and stating that a party cannot circumvent this prohibition
by submitting an affidavit for the first time on appeal).  Thus, there is no evidence to rebut the
presumption that Appellant's trial counsel acted appropriately concerning the
plea bargain with the State.  Salinas,
163 S.W.3d at 740; see Mallett, 65 S.W.3d at 62; Thompson, 9
S.W.3d at 813.  We overrule Appellant=s claim
of ineffective assistance of counsel.

IV. 
Conclusion

Having overruled Appellant=s sole
point, we affirm the trial court=s
judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 25, 2010











[1]See Tex. R. App. P. 47.4.





[2]Appellant=s affidavit states that
he told his attorney he wanted to think about the six-year plea offer and would
give an answer at the next court setting. 
The affidavit also states that Appellant intended to accept the six-year
plea offer during the September 26, 2008 punishment hearing. 





[3]Appellant=s affidavit states that
his attorney offered this advice after Appellant learned at the September 26,
200, punishment hearing that the district attorney rescinded the six-year plea
offer and instead offered a fifteen-year sentence. 





[4]Appellant=s affidavit further
alleges that his attorney (1) did not cross-examine the alleged victim of the
2005 aggravated robbery during the punishment hearing and (2) failed to offer
into evidence several letters of recommendation from teachers at the Lincoln
Tech school Appellant attended. 





[5]Ineffective assistance claims
are usually best addressed by a post-conviction writ of habeas corpus.  See Thompson, 9 S.W.3d at 814 &
n.6; Ex parte Torres, 943 S.W.2d 469, 475B76 (Tex. Crim. App.
1997).  But see Ex parte Nailor,
149 S.W.3d 125, 131B32 (Tex. Crim. App. 2004)
(holding that specific allegations of deficient attorney performance that were
rejected on direct appeal are not cognizable on habeas corpus as a part of a
larger ineffective assistance of counsel claim when defendant does not offer
additional evidence to support that specific claim of deficient performance in
habeas proceeding). 





[6]Similarly, the record in
this case is silent as to why Appellant's counsel did not cross-examine the
alleged victim of the 2005 aggravated robbery during the punishment hearing and
failed to offer into evidence several letters of recommendation from teachers
at the Lincoln Tech school Appellant attended.